(118 App. Div. 845)

## CREMO LIGHT CO. v. PARKER.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

INSURANCE—FORFEITURE OF POLICY—ASSIGNMENT.

　　A Lloyds policy insured the C. Incandescent Light Company as it might subsequently be constituted, and provided that the policy should be void in case of an assignment thereof, or in case of change in the title or possession of the property. Thereafter the C. Lighting Company was organized for the purpose, among others, of purchasing the business properties, etc., of the C. Incandescent Light Company, which was then in existence and engaged in business, and after the purchase those who had managed the selling corporation managed the business of the purchasing corporation. Such persons had owned the entire stock of the Incandescent Company, and owned nearly all the stock of the C. Lighting Company. *Held,* that the policy was forfeited.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 883–885.]

Appeal from Special Term, New York County.

Action by the Cremo Light Company against Frank M. Parker, as attorney in fact and representing the underwriters of Assurance Lloyds of America. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

C. E. Hill, for appellant.

Allan R. Campbell, for respondent.

SCOTT, J. The action is upon a fire policy in the standard form, with the addition of the necessary clauses to fit its character as a Lloyds policy. The defendant appeals from a judgment overruling a demurrer to the complaint.

It insured "Cremo Incandescent Light Company, as now or may hereafter be constituted." It contained the usual clause that the policy should be void "if any change, other than by the death of an insured, takes place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise, or if this policy be assigned before a loss." The insurance was what is known as a "floating policy," covering stock manufactured and unmanufactured in the building Nos. 108 and 110 East 129th street, and the machinery, implements, furniture, etc.

The complaint, after setting forth the policy, alleges: That on January 31, 1905 (during the term of the policy), plaintiff, Cremo Lighting Company, was organized, and among the purposes stated in the certificate of incorporation was that of purchasing the properties, franchises, good will, and business of every nature and description of the said Cremo Incandescent Light Company, all of which were on February 7, 1906, duly transferred to plaintiff. That prior to such assignment the Cremo Incandescent Company was engaged in the business of manufacturing incandescent mantels for gas burners at 108 and 110 East 129th street, under the management of Luther E. Hart-

ley and Joseph Lederer. That when plaintiff corporation was formed it succeeded to said business, which continued to be conducted at the same place and in the same manner, and with the same employés and under the management of said Hartley and Lederer, and without any increase of hazard or risk. That Hartley was made president of the new company, having general supervision of its affairs, and Lederer was made vice president, superintending and supervising the manufacturing. That the capital stock of the Incandescent Company had been $25,000, owned entirely by Hartley and Lederer. That the capital stock of the new company was $40,000 preferred and $60,000 common, of which $20,000 preferred and $20,000 common were issued to Hartley and Lederer; the balance being issued to other persons. The company then alleges a fire loss, and notice and service of proof of loss upon the underwriters.

The only question is whether or not the transfer of all the assets and business of the Incandescent Company to the new company, under the circumstances, worked a forfeiture of the policy under the nonassignment clause, or whether the policy passed to the new company, so as to cover, not alone assets which were transferred in February, but other assets of like kind acquired by the plaintiff company, since it acquired all the property of the Incandescent Company; for there is no allegation that the property destroyed and for which a recovery is sought was a part of the identical assets acquired from the Incandescent Company. That a policy of insurance is a personal contract running to the assured, and that it may not be assigned to another without the consent of the insurer, is familiar law. It is equally clear that a new corporation, organized under a separate charter, is quite a different entity from a former corporation organized under a different charter; and the two corporations are still to be considered different entities, notwithstanding one may have been formed for the express purpose of taking over, and may have taken over, all the assets and business of the former. If there had been merely a change in the name, personnel, or ownership of the original company, the conditions of the policy would not have been violated; but in our opinion what really happened was much more than this. It was a complete change of ownership. In Loeb v. Firemen's Ins. Co., 78 App. Div. 113, 79 N. Y. Supp. 510, much relied on by respondent, the question presented here did not arise and was not considered.

The judgment must be reversed, and the demurrer sustained, with costs, with leave to plaintiff to amend the complaint within 20 days upon payment of costs in this court and the court below. All concur.