## WHITE et al. v. MARYLAND CASUALTY CO.

(Supreme Court, Appellate Division, Second Department.   June 17, 1910.)

1. INSURANCE (§ 207*)—INDEMNITY INSURANCE—ASSIGNMENTS OF POLICY.

   A policy of employer's liability insurance cannot be assigned without the insurer's consent.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 475; Dec. Dig. § 207.*]

2. INSURANCE (§ 624*)—INDEMNITY INSURANCE—ACTIONS—PARTIES—PLAINTIFFS.

   Since an indemnity insurance contract is personal and cannot be assigned without the insurer's consent, a corporation which was not organized for more than a year after the expiration of the indemnity insurance policy issued to its predecessor firm covering personal injuries occurring in its yards, and which acquired no rights in the policy, was not a proper party plaintiff against the insurer to recover an amount paid in settlement of an action against it for personal injuries in its yards, though such corporation aided in defending the personal injury action and advanced some of the money paid in the settlement at the request of the insured firm, and even if the corporation was organized for the express purpose of taking over the business of the indemnified firm, so that the complaint was demurrable for misjoinder of parties plaintiff.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1557, 1561; Dec. Dig. § 624.*]

3. PLEADING (§ 8*)—CONCLUSIONS—PROPRIETY.

   The pleader's conclusion as to the legal effect of the provisions of a written instrument should not be substituted for the instrument itself.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12, 18; Dec. Dig. § 8.*]

4. PLEADING (§ 8*)—ALLEGATIONS—CONCLUSIONS.

   Allegations of the complaint in an action on a policy issued to indemnify plaintiff's predecessor for injuries occurring in its yards that the insurer upon being notified of the pendency of an action against insured for such injuries denied all liability under the policy and repudiated and refused to fulfill it, and declined to defend the action except on condition that the damages recovered therein be paid by the insured, were conclusions of the pleader, except that as to the declination to defend.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12, 19; Dec. Dig. § 8.*]

5. INSURANCE (§ 623*)—INDEMNITY INSURANCE—LIMITATION OF ACTION—PROVISIONS OF POLICY—WAIVER OF PROCEEDINGS—REFUSAL TO DEFEND.

   The indemnity insurance policy upon which plaintiff sued to recover money paid in settlement of an action against plaintiff for personal injuries received in its yards against which the policy was issued, provided that no action should lie thereon for loss unless brought by insured himself to reimburse himself for loss actually sustained and paid in satisfaction of a judgment after trial of the issues and within sixty days from the date of the judgment, and also limiting the time for such action to be brought to that in which the injured party might begin an action against insured for damages, or, if an action was pending against insured at the end of such time, within 60 days after entry and satisfaction of judgment therein.  *Held*, that the insurance company could not be compelled to defend an action against insured, unless the latter were legally liable to the plaintiff therein, so that its refusal to defend an action against insured by one injured in its yards upon the grounds that any damages recovered in the action should be first paid by insured did not waive the provision requiring a judgment to have been recovered against

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

insured and paid within 60 days of its entry, and limiting the time with-
in which the action should be commenced against defendant.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1551; Dec.
Dig. § 623.*]

6. INDEMNITY (§ 9*)—INDEMNITOR'S LIABILITY.

On indemnified may only hold his indemnitor liable for money paid in
settlement of a claim indemnified against where a legal liability existed
against the person indemnified and the amount of the claim paid was
reasonable.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16; Dec. Dig.
§ 9.*]

7. INDEMNITY (§ 15*)—ACTION—PLEADING.

The burden is upon one indemnified who pays a claim against him to
prove the facts upon which his legal liability to pay the claim existed,
as well as the reasonableness of the amount paid, in an action by him
against the indemnitor to recover the amount paid; and hence he must
plead such facts.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 44; Dec. Dig.
§ 15.*]

Appeal from Special Term, Kings County.

Action by Richard S. White and others against the Maryland Cas-
ualty Company. From an interlocutory judgment overruling a de-
murrer to the amended complaint, defendant appealed. Reversed and
demurrers sustained.

See, also, 122 N. Y. Supp. 1150.

The amended complaint alleges: That on the 13th day of April, 1903, the
defendant issued a policy of insurance, by which it undertook and agreed to
indemnify John C. Orr & Co., a copartnership composed of the plaintiffs Rich-
ard S. White, Henry S. Orr, and one John C. Orr, now deceased, for the term
of one year, commencing on April 24, 1903, against loss for damages on ac-
count of bodily injuries accidentally suffered within the life of the policy by
any person or persons not employed by said copartnership occurring within
the lumber yard occupied by it, not to exceed $5,000, for an accident result-
ing in injuries to one person, and, further, to defend at its own cost any suit
or proceeding brought against the assured to enforce a claim for such dam-
ages, or settle the same if it should decide to pay said sum of $5,000. That
on or about March 31, 1904, one Paul Williams (not an employé of the as-
sured) accidentally suffered some bodily injuries within said lumber yard by
being struck by a piece of timber, and by timber he was handling falling
upon him. That on June 8th following he commenced an action against the
firm of John C. Orr & Co., John C. Orr, Richard S. White, and others. "That
the ground of said action was the said accident and the same was brought to
recover the sum of $40,000 as damages claimed therefor, under a claim of
loss under common-law or statutory liability of said defendants." That John
C. Orr died on December 16, 1906, and thereafter Henry S. Orr was made a
party defendant, the action discontinued as to all parties except said Richard
S. White and Henry S. Orr, and continued against them as the sole surviving
partners of said copartnership. That on July 5, 1905, the plaintiff the John
C. Orr Company took over the business of the said John C. Orr & Co. and
became the successor in business of said firm. Then follow these allegations:

"(8) That thereupon the defendant herein, the Maryland Casualty Com-
pany, being notified of the pendency of said suit and action against the said
John C. Orr & Co., disclaimed and denied all liability under said policy of
insurance and repudiated the same, and declined and refused to fulfill its
said agreement of insurance, and notified the said John C. Orr & Co. to that
effect, and declined to defend said suit except upon condition that the dam-
ages recovered therein should be paid by the insured, the said John C. Orr &

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Co. That thereafter said action proceeded and was defended by said John C. Orr & Co. and by the plaintiff the John C. Orr Company, who on and after July 5, 1905, undertook the defense of said action under an agreement with its predecessor, the said firm of John C. Orr & Co., made in that behalf, and the said cause of said Williams against the plaintiffs, White and Orr, came on to be heard in the Supreme Court, Kings county, and was three times tried before a court and jury. That on the first and second of said trials the questions of fact in the case were left by the trial judge to the jury, and the jury disagreed. That on the third trial the complaint was dismissed, and from the judgment of dismissal the defendant appealed to the Appellate Division of the Supreme Court. That such appeal being pending and on or about the 29th day of December, 1908, the plaintiffs herein compromised said action and settled the same for the sum of $1,500, which they paid to the said Williams, or his attorneys, in full settlement thereof, and on behalf of and for the account of the said firm of John C. Orr & Co. and for its relief and exoneration to that extent and as part of its liabilities, under said agreement between them.

"(9) That said sum of $1,500 was a reasonable sum to pay for the compromise and settlement of said action, and the said settlement and compromise was a prudent one to make under the circumstances. * * *

"(11) That the assured firm of John C. Orr & Co. and the said the John C. Orr Company at all times complied with all the conditions of said contract on the part of the assured to be performed, except as the same were waived by the acts and declarations of defendant in disclaiming and denying its liability under said policy of insurance, and in declining and refusing to fulfill its agreement of insurance, and to defend said suit and in repudiating said agreement as aforesaid."

Then follow allegations of the amount expended in said action by the plaintiffs, a demand for repayment thereof and its refusal by the defendant, and a demand for judgment for $3,792.42, of which $1,500 represents the amount paid in compromise of the action, and $2,292.42 the expenses incurred and paid in said action.

The insurance policy is not set out in the pleading, nor is a copy attached thereto. The third and seventh of its provisions only are alleged as follows:

"(5) That among the provisions of said policy of insurance were the following, numbered 3 and 7, which are stated therein as conditions to be observed by the insured, and which were waived by defendant as hereinafter set forth, namely: '(3) The assured shall not settle any claim except at his own cost, nor incur any expense, nor interfere in any negotiations for settlement or in any legal proceeding, without the consent of the company previously given in writing.' '(7) No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment, and after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages, unless at the expiration of such period there is such an action pending against the assured, in which case an action may be brought against the company by the assured within sixty days after final judgment has been rendered and satisfied as above. The company does not prejudice by this clause any defenses to such action which it may be entitled to make under this policy.' "

The waiver referred to as "hereinafter set forth" is the denial of liability and refusal to defend alleged in the eighth subdivision hereinbefore quoted.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

James J. Mahoney, for appellant.
Alfred B. Cruikshank, for respondents.

RICH, J. I do not see how under the allegations of the amended complaint the plaintiff the John C. Orr Company can be held to be a

proper party to this action. That company was not in existence when the policy of insurance was issued, nor for more than a year after it expired. There is no allegation in the complaint that any rights or interest in the policy or in the claim of the members of the copartnership thereunder was ever acquired by the John C. Orr Company, and it has been held that a policy of indemnity cannot be assigned without the consent of the insurer. Lett v. Guardian Fire Insurance Co., 125 N. Y. 82, 25 N. E. 1088; Cremo Light Co. v. Parker, 118 App. Div. 845, 103 N. Y. Supp. 710. If the John C. Orr Company did aid in the defense of the Williams action, and advanced some of the money paid in settlement thereof under an agreement with or at the request of the assured, a cause of action might have been created thereby against the surviving members of said copartnership, but not against the defendant whose contract of insurance was a personal one, and limited to the firm of John C. Orr & Co. Its benefits did not extend to their successor, although organized for the express purpose of taking over all the assets and business of the former (Cremo Light Co. v. Parker, supra), or to their creditors. The complaint contains no allegation of a cause of action against the defendant in behalf of the John C. Orr Company, and there is consequently a misjoinder of parties plaintiff, because there has been injected into the action as a party plaintiff one who is not entitled to sue, and the complaint is demurrable. Code Civ. Proc. § 488; Havana City Railway Co. v. Ceballos, 49 App. Div. 263, 63 N. Y. Supp. 417. The cases of Winne v. Niagara Fire Ins. Co., 91 N. Y. 185, and Lewis v. Guardian Fire & Life Assur. Co., 181 N. Y. 392, 74 N. E. 224, 106 Am. St. Rep. 557, cited by the respondent as sustaining the contention that the John C. Orr Company is an "equitable assignee," and therefore a proper party plaintiff, do not sustain the contention and are not in point. In both of those cases, the rule declared applied only to a mortgagee of the insured property to whom by the terms of the policy the loss, if any, was payable to the extent of his interest under his mortgage. While the conclusion I have reached requires a reversal of the interlocutory judgment, I think it may be advisable that we consider the question as to whether the complaint contains facts sufficient to constitute a cause of action. The facts averred rest largely upon the conclusions of the pleader. While the policy contained at least seven provisions, separately numbered, but two are set forth. The conclusions of counsel as to the legal effect of different provisions of a written instrument ought not to be substituted in a pleading for the instrument itself. The only two provisions of the policy set forth prohibit the assured settling any claim except at their own cost, and from incurring any expense without the consent of the defendant previously given in writing, and provide that no action shall lie for any loss under the policy unless brought by the assured himself to reimburse himself for loss actually sustained and paid by him in satisfaction of a judgment after the trial of the issues and within sixty days from the date of such judgment, with a further clause limiting the time within which the action may be brought to the period within which the party injured might commence an action against the assured for damages, or, if at the expiration of such period

an action was pending against the assured, then within 60 days after the entering and satisfaction of such judgment. Concededly the plaintiff did not comply with these conditions. Williams was injured March 31, 1904. The statute barred his cause of action against the assured on March 31, 1907. An action was pending at that time, which was compromised and settled on December 29, 1908. This action was not commenced until July 6, 1909, and some months after it was barred by the contract limitation, and whatever payment was made in the compromise was not paid after judgment. It is sought to avoid this by an alleged waiver, based upon the defendant's denial of liability and refusal to defend the pending action. The "acts and declarations" of the defendant in disclaiming and denying its liability are not alleged. The allegation is but the conclusion of the pleader, with the single exception that it is alleged that the defendant declined to defend said action. I do not think that such a denial of liability constituted a waiver. The declaration or refusal to defend was not absolute, but based upon the condition that damages recovered in the action should be paid by the assured. This was the defendant's legal right under the provisions contained in the seventh subdivision of the policy, that before any liability attached to the defendant a judgment must not only have been recovered against the assured, but must have been actually paid by them within 60 days from its entry. The provision of the policy as to defending actions was clearly for the benefit of the defendant, who could not be compelled to defend an action in which the assured were not legally liable to the plaintiff therein. Nowhere in the complaint is there an allegation of the legal liability of the assured to Williams, and, under such circumstances, they could not settle without the defendant's consent, and try the question of their liability to Williams in an action against the defendant. Its liability rests upon a judgment in the action rendered against the assured after trial of the issues. This provision became operative when the question of liability arose. Denial of such liability by the defendant did not waive the conditions, but rather called them into operation. Denial of liability is not of itself a waiver of any of the provisions of the policy, and could not have the effect of converting an indemnity against loss into an agreement to pay any sum that the assured saw fit to pay before judgment. The defendant did not undertake to indemnify the John C. Orr Company, and limited its liability under the agreement with John C. Orr & Co. to the payments made by them in satisfaction of a judgment after trial of the issues. Even if this were otherwise, a denial of liability and a refusal to defend would not be a waiver of the provision limiting the time within which this action should be commenced against the defendant. Allen v. Dutchess County Mut. Ins. Co., 95 App. Div. 86, 88 N. Y. Supp. 530. The respondents' contention that "a party indemnified may hold his indemnitor for money paid for a prudent settlement" ignores the fact that a legal liability on the part of the person indemnified must exist, and the amount paid must be reasonable. A party so paying assumes the risk of being able to prove the facts upon which his liability depends, as well as the reasonableness of the amount which he pays. Dunn v. Uvalde Asphalt Pav-

-ing Co., 175 N. Y. 214, 218, 67 N. E. 439. This being the rule, it is necessary that facts tending to show such conditions be pleaded.

The complaint does not allege facts sufficient to constitute a cause of action, and the interlocutory judgment must be reversed and the demurrer sustained, with costs. All concur.