Diamond Cravat Co., Inc., Plaintiff, *v.* The Eagle, Star & British Dominions Ins. Co., Ltd., of London, England, Defendant.

Supreme Court, New York Special Term, August, 1923.

Insurance — fire — policy in name of partnership does not cover corporation formed by the partners and succeeding to the partnership business.

Where certain partnership property sold to plaintiff, a company incorporated by the former members of the partnership to take over its business and assets, was covered by a policy of fire insurance in the name of the partnership, and after such incorporation there was a renewal of said policy issued in the name of the partnership " as now or may be hereafter constituted," the quoted words cannot be held to include the plaintiff.

Upon the facts shown, plaintiff has no cause of action upon the policy against the defendant, unless and until the policy is reformed by a suit in equity.

A motion to vacate an attachment granted in the action upon the ground that plaintiff was not entitled to any judgment against the defendant, will be granted.

Motion to vacate attachment.

*William Otis Badger, Jr.*, for plaintiff.

*Engelhard, Pollak, Pitcher & Stern*, for defendants.

Mahoney, J. Plaintiff sues upon a policy of insurance and prays for judgment for the sum of $4,500. Defendant moves to vacate the attachment upon the ground that upon the plaintiff's complaint and affidavit and upon the undisputed facts presented the plaintiff is not entitled to any judgment against the defendant. The plaintiff corporation, it would appear from the papers, was formed some time in December, 1922; that the defendant took over the business, good will, stock and merchandise from the firm of Kantor Bros., doing business as the Diamond Cravat Company, a copartnership. The members of this company constituted those of the copartnership. The property covered by the policy of insurance was sold without question to the new corporation. On February 7, 1923, after the incorporation of the plaintiff, there was issued to the copartnership firm of Kantor Bros., doing

business as Diamond Cravat Company, a policy of fire insurance. This policy was in renewal of a former policy issued to the copartnership firm expiring. This policy remained as issued in the name of the copartnership firm and was not changed to the corporate name. One of the riders on the policy upon which the plaintiff relies after the name " Kantor Bros." doing business as " Diamond Cravat Co." contains these printed words, " as now or may be hereafter constituted." The plaintiff contends that the words just quoted would include the corporation which was formed by the former members of the copartnership firm before the issuance of the policy. If these words would include a change of ownership from individuals to whom the policy was issued, then the policy has not been violated or voided by reason of the following clause contained in the policy, viz., " this entire policy shall be void unless otherwise provided by agreement in writing attached thereto if the interest of the insured be other than unconditional and sole ownership." No agreement to release the insured from the terms of this clause is annexed to the policy. In the case of *Cremo Light Co.* v. *Parker*, 118 App. Div. 845, Mr. Justice Scott in writing the opinion for the court says: " If there had been merely a change in the name, personnel or ownership of the original company, the conditions of the policy would not have been violated, but in our opinion what really happened was much more than this. It was a complete change of ownership." What was said by the justice in the case just quoted can be said from the facts in the instant case, that the change from the copartnership to the corporation was a full change of ownership, and such ownership as was not in my opinion contemplated by the terms of the policy. In this case the one fact stands out distinctly, viz., that the plaintiff corporation was formed in December, 1922. The policy of insurance was issued as a renewal on February 7, 1923, when the copartnership firm no longer existed. The rights of the parties in this action must be governed by the policy of insurance, and not by what the plaintiff believes should be presumed or inferred therefrom. Under no sense of reasoning can the words on the rider of the policy of insurance, " as now or may hereafter be constituted," be held to include the corporation. It may be upon the facts here, in the absence of any alleged fraud or misrepresentations on the part of the plaintiff, that the contract of insurance might well be reformed. Upon the facts it is my view that the plaintiff has no cause of action on this policy against the defendant unless or until said policy be corrected or reformed by a suit in equity. Motion to vacate attachment is, therefore, granted.

Ordered accordingly.