GreenHomes America, LLC, as Successor by Merger to HughesCo, Inc., Appellant, v Farm Family Casualty Insurance Company, Respondent. [936 NYS2d 829]—

Memorandum: Plaintiff appeals from an order denying its motion for partial summary judgment on the first cause of action seeking, inter alia, a declaration that defendant is obligated to defend and indemnify it in the underlying subrogation action. It is undisputed that there was a de facto merger of plaintiff and HughesCo, Inc. (HughesCo) in September 2005 and that the operations formerly performed by HughesCo remained unchanged following the merger. In November 2005, there was a fire in a residence allegedly caused by plaintiff's negligence in connection with the installation of insulation. In the underlying action, the homeowners' insurer seeks reimbursement for the losses incurred as a result of the alleged negligence of plaintiff and HughesCo, which was sued as a separate entity. Plaintiff commenced the instant action seeking, inter alia, a declaration that defendant is obligated to defend and indemnify it in the underlying action. We conclude that Supreme Court properly determined that the anti-transfer clause contained in the liability policy issued by defendant to HughesCo prohibited HughesCo from transferring its rights under the policy to plaintiff. That clause unequivocally provides that "[y]our rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured."

"As a general matter, New York follows the majority rule that [a no-transfer clause] is valid with respect to transfers that were made prior to, but not after, the insured-against loss has occurred . . . The idea behind the majority rule is that, once the insured-against loss has occurred, the policy-holder es-

sentially is transferring a cause of action [or its liability] rather than a particular risk profile" (*Globecon Group, LLC v Hartford Fire Ins. Co.*, 434 F3d 165, 170-171 [2006]; *see Kittner v Eastern Mut. Ins. Co.*, 80 AD3d 843, 846 n 3 [2011], *lv dismissed* 16 NY3d 890 [2011]; *Cremo Light Co. v Parker*, 118 App Div 845, 847 [1907]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Inasmuch as the court failed to declare the rights of the parties in connection with plaintiff's motion for partial summary judgment on the first cause of action, we modify the order accordingly by making the requisite declaration. Present—Scudder, P.J., Smith, Sconiers, Gorski and Martoche, JJ.