# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**164**
**CA 11-01785**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

GREENHOMES AMERICA, LLC, AS SUCCESSOR BY MERGER
TO HUGHESCO, INC., PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

FARM FAMILY CASUALTY INSURANCE COMPANY,
DEFENDANT-RESPONDENT.

---

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (HOWARD E. BERGER OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered May 10, 2011. The order denied the motion of
plaintiff for partial summary judgment on its first cause of action.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting judgment in favor of
defendant on the first cause of action as follows:

> It is ADJUDGED and DECLARED that defendant is not
> obligated to defend and indemnify plaintiff in the
> underlying action and is not obligated to pay the attorney's
> fees and costs incurred by plaintiff in the defense of that
> action,

and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order denying its motion
for partial summary judgment on the first cause of action seeking,
inter alia, a declaration that defendant is obligated to defend and
indemnify it in the underlying subrogation action. It is undisputed
that there was a de facto merger of plaintiff and HughesCo, Inc.
(HughesCo) in September 2005 and that the operations formerly
performed by HughesCo remained unchanged following the merger. In
November 2005, there was a fire in a residence allegedly caused by
plaintiff's negligence in connection with the installation of
insulation. In the underlying action, the homeowners' insurer seeks
reimbursement for the losses incurred as a result of the alleged
negligence of plaintiff and HughesCo, which was sued as a separate
entity. Plaintiff commenced the instant action seeking, inter alia, a
declaration that defendant is obligated to defend and indemnify it in

the underlying action. We conclude that Supreme Court properly determined that the anti-transfer clause contained in the liability policy issued by defendant to HughesCo prohibited HughesCo from transferring its rights under the policy to plaintiff. That clause unequivocally provides that "[y]our rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured."

"As a general matter, New York follows the majority rule that [a no-transfer clause] is valid with respect to transfers that were made prior to, but not after, the loss has occurred . . . The idea behind the majority rule is that, once the insured-against loss has occurred, the policy-holder essentially is transferring a cause of action [or its liability] rather than a particular risk profile" (*Globecon Group, LLC v Hartford Fire Ins. Co.*, 434 F3d 165, 170-171; *see Kittner v Eastern Mut. Ins. Co.*, 80 AD3d 843, 846 n 3, *lv dismissed* 16 NY3d 890; *Cremo Light Co. v Parker*, 118 App Div 845, 847).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Inasmuch as the court failed to declare the rights of the parties in connection with plaintiff's motion for partial summary judgment on the first cause of action, we modify the order accordingly by making the requisite declaration.

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court