New Sower Christian Church, Inc. v Wesco Ins. Co. (2024 NY Slip Op 06162)

New Sower Christian Church, Inc. v Wesco Ins. Co.

2024 NY Slip Op 06162

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Index No. 652276/19 Appeal No. 3224 Case No. 2024-00133 

[*1]New Sower Christian Church, Inc., Plaintiff-Appellant,
v
Wesco Insurance Company, Defendant-Respondent, Cabrera Realty Corp. et al., Defendants.

Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for appellant.
Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about October 13, 2023, which granted defendant Wesco Insurance Company's (Wesco) motion for leave to reargue, and upon reargument, granted Wesco's motion for summary judgment dismissing the action against it, and declaring that Wesco had no duty to defend or indemnify plaintiff in the underlying actions, unanimously affirmed, without costs.
A party that is not named an insured or additional insured on the face of the policy is not entitled to coverage (see Moleon v Kreisler Borg Florman Gen. Constr. Co., 304 AD2d 337, 339 [1st Dept 2003]). While plaintiff argues that Wesco should be estopped from rescinding the Wesco policy on the basis of reformation, "[a] claim for reformation of a written agreement must be grounded upon either mutual mistake or fraudulently induced unilateral mistake" (313-315 W. 125th Street L.L.C. v Arch Specialty Ins. Co., 138 AD3d 601, 602 [1st Dept 2016] [internal quotation marks omitted]). Based on the undertaking agreement between the parties, defendant Cabrera Realty Corp.'s identification as the sole insured on the Wesco policies after the sale was no mistake, but rather, the parties' conscious choice.
Even where the nature of the risk the insurer intended to cover remains unchanged by the conveyance, courts have found that a third party is not entitled to coverage, unless the insurer, before the loss, consented to the policy's assignment (see Truglio v Zurich Gen. Acc. & Life Ins. Co., 247 NY 423, 426-427 [1928]; GreenHomes Am., LLC v Farm Family Cas. Ins. Co., 91 AD3d 1352, 1352-1353 [4th Dept 2012]). In this case, there was never an agreed-to transfer pursuant to the no-transfer clause of the Wesco policy. The fact that plaintiff has an insurable interest in the premises does not entitle it to coverage under the Wesco policies but rather merely entitled it to procure its own coverage (see Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 31 [1st Dept 1979], affd 49 NY2d 924 [1980]).
Since plaintiff is not the named insured on the subject policy, the arguments made as to rescission, unjust enrichment, and estoppel are unavailing. Furthermore, inasmuch as the theories of estoppel and unjust enrichment were sua sponte raised in the court's prior order, Wesco's motion for reargument was proper (CPLR 2221[d][2]; Neo Universe Inc. v Ito, 190 AD3d 426 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024