### P. B. WATSON AND WIFE v. JOHN McKINNON.

#### No. 2454.

1. **Homestead on Partnership Land.**—A partnership in the lumber business, sawing plank and shingles, etc., had their mills and shops upon a tract of eight and one half acres within the corporate limits of a town. One member, to whom the management of the business was entrusted, resided upon the land for a time and then moved to rented premises, but continuing to work at the business. The other partner deeded half the tract with all improvements to his wife. In a litigation by the latter as a creditor of the firm, *held*, that the claim of the managing partner to homestead exemption to one-half the tract was properly sustained.

2. **Dissolution of Partnership.**—The conveyance by one of two partners in the

lumber business of the land and buildings, machinery, and stock to his wife operated as a dissolution of the firm.

3. Receiver.—In a suit by one member of a firm which had been dissolved against the other who had been the manager, seeking to enforce a claim against the firm by subjecting its property, it is error on establishing the claim to place the property in the sole charge of the party in possession, who was insolvent; a receiver should have been appointed.

ERROR from Orange. Tried below before Hon. W. H. Ford. The opinion states the case.

*E. P. Hamblen,* for plaintiffs in error. — 1. The judgment awarding McKinnon a homestead in the eight and one-fourth acres, with the improvements and machinery thereon, is not sustained by the evidence, it not appearing when he designated the same as such or that at any time after the purchase of the four and one-fourth acres, December 26, 1881, upon a settlement of all partnership liabilities his proportion of the partnership property would have equaled that set aside to him as his homestead. Lindl. on Part., secs. 611, 661; Story on Part., secs. 96, 97; Conant v. Frary, 49 Ind., 530; Bank v. Carrolton Road, 11 Wall., 628.

2. A homestead is subject to all liens which exist against it at the time it is made a homestead. If Watson's conveyance to his wife had the effect to segregate the interest of the partners in the realty so that McKinnon could designate one-half thereof as his homestead, McKinnon would take it subject to the equitable lien in Watson's favor to subject it to the payment of one-half of the partnership indebtedness remaining unpaid after applying all the other assets to their extinguishment. As to the partner's lien, Story on Part., secs. 97, 326; Lindl. on Part., mar. pp. 680, 681, and notes; Hill v. Beach, 12 N. J. Eq., 31–76; 21 Pa. St., 76; 50 Cal., 615; Gage v. Neblett, 57 Texas, 374.

3. The interest of a partner in the property belonging to a firm is only his proportion of what is left after paying the partnership debts, and as against his copartner he can not appropriate a part of the partnership property as a homestead exemption so as to relieve it from its liability for the partnership indebtedness. Thomp. on Home. Ex., secs. 194, 210.

4. The court should have appointed a receiver to have taken charge of the partnership assets, collected the claims, sold the property, or enough thereof to have paid the partnership debts. Shulte v. Hoffman, 18 Texas, 678.

*Hutcheson, Carrington & Sears,* and *J. S. Hart,* for defendant in error.—1. The contention as to the right of one partner to carve or retain a homestead out of the partnership property as against his copartner is without basis in this case, because the partnership relations be-

tween P. B. Watson and John McKinnon were voluntarily terminated by Watson himself; certainly as to this property, if not entirely, on May 11th, 1884, when Watson by valid warranty deed conveyed his entire interest in the property to his wife. Story on Part., pars. 307, 358, 359; Lindley on Part., mar. pp. 230, 698, 700; Carroll v. Evans, 27 Texas, 262–7; Rogers v. Nichols, 20 Texas, 719.

2. The conveyance by P. B. Watson to his wife so far abstracted from the copartnership the very material and substance on which it was formed as to work its immediate dissolution. Story on Part., sec. 280; 3 Kent. Com., 53; Thompson v. Bowman, 6 Wall., 316.

3. If Watson's action did not dissolve the partnership it would have the unquestionable legal effect of divesting this mill property of all partnership character. Mrs. Watson could not be a copartner with McKinnon; and her husband could not subject her half of the property to liability for partnership debts, he having already released it from his own (the sole) precedent debt by his warranty deed. Lindl. on Part., 652, 654, 655, 683; Treadwell v. Williams, 9 Bosw., 649; Van Bront v. Applegate, 44 N. Y., 544; Hardy v. Mitchell, 67 Ind., 485.

The wife could not be a partner nor her property subjected to partnership debts. Miller v. Marx & Kempner, 65 Texas, 132, and cases cited.

A valid gift to the wife passes to her a separate and indestructible title. Rev. Stats., 2851.

The cases holding that the purchaser of the interest of one of the partners in real estate takes it subject to a partnership settlement are not like this case, where the conveying partner himself seeks to escape the effect and estoppel of his own deed. Conant v. Frary, 49 Ind., 530; Bank v. Carrolton Ry., 11 Wall., 628; Clagett v. Kilbourne, 1 Black, 346.

4. The partner's lien is a general right and equity to compel the application of the partnership property to the payment of the partnership debts and any debt to himself for advances or for his share; but it may be waived, and the partners may at any time by agreement express or implied make that separate which before was partnership property, or convert into a separate debt due by one to the other that which was before a partnership debt. Such is the status of this case. Lindl. on Part., 654 and note 1, and 683; Dimon v. Hagard, 32 N. Y., 65; Whitworth v. Benbow, 56 Ind., 194; Case v. Beauregard, 99 U. S., 119; Hapgood v. Cornwell, 48 Ill., 64–66; Giddings v. Palmer, 107 Mass., 269.

5. The facts show a valid claim to a residence homestead upon his half interest in the whole eight and one-quarter acres of land, with the improvements and machinery, by John McKinnon. His long actual residence on the first purchase and the acquisition of the second, which adjoined the first and became a part of it, and which was put to the same uses and impressed with the same character, make this so. Clements v.

Lacy, 51 Texas, 161; Jenkins v. Volz, 54 Texas, 639; Brown v. McLennan, 60 Texas, 43.

As to the improvements and machinery. Hutchins v. Masterson, 46 Texas, 551; Moody v. Aiken, 50 Texas, 65; Willis & Bro. v. Morris, 66 Texas, 628.

6. But regarding the property as full fledged partnership property, the law in this State is that the partner holds title (in this case a legal title) to his undivided share of the real estate, upon which at any solvent moment of the partnership existence he may impress a homestead use and character, or he may withdraw it from the partnership. Watson exercised this right of withdrawal by reserving his interest to his family, and it would be absurdly illogical to deny McKinnon the corresponding right. Swearingen v. Bassett, 65 Texas, 273.

The title of the partner is to the property itself. De Forrest v. Miller, 42 Texas, 34; Bradford v. Johnson, 44 Texas, 381; Longcope v. Bruce, 44 Texas, 437; Thomp. on Homestead, sec. 207; Hewitt v. Rankin, 41 Iowa, 35, 40, and cases cited; Shearer v. Shearer, 98 Mass., 107; Wilcox v. Wilcox, 13 Allen, 252; Buchan v. Sumner, 2 Barb. Ch., 165.

7. Courts of equity are reluctant to disturb the possession of a partner, and will not appoint a receiver on application as of course. There must be some misconduct, fraud, waste, or gross mismanagement on the part of the managing partner, or the exclusion of the claiming partner from the affairs of the concern. Nor is the insolvency of the partner alone sufficient. Story on Part., pars. 228, 231, 330; 2 Lindley on Part., pars. 1008, 1011, 1014; High on Receivers, pars. 474, 386, 491, 511; Wilcox v. Wilcox, 13 Allen, 252; Shearer v. Shearer, 98 Mass., 107.

Acker, Presiding Judge.—P. B. Watson and appellee were partners in the saw mill and lumber business, under the firm name of John McKinnon & Co. The firm owned four acres of land within the corporate limits of the town of Orange, upon which their saw mill and machinery were situated. Appellee resided upon this four acres with his family up to December, 1881, when he moved into a rented house and occupied that for a time, and had not returned to the residence on the land at the time of the trial. On December 26, 1881, the firm purchased four and a quarter acres of land adjoining the four acres already owned, and erected a shingle mill and other machinery thereon.

Appellee was the active managing member of the firm, and controlled and directed its business. In December, 1883, the firm became indebted to appellant P. B. Watson in the sum of about $25,000. In March, 1884, P. B. Watson conveyed to his wife, appellant E. R. Watson, an undivided half of the eight and a quarter acres of land, with the mills, etc., situated thereon, after which the mills were operated and the business conducted in the firm name of John McKinnon & Co. as before. The debt

due Watson by the firm was not paid, and he and his wife brought this. suit April 9, 1887, for dissolution of the partnership, the appointment of an auditor to state the accounts, the appointment of a receiver to take charge of the partnership property, collect the outstanding claims, pay all the indebtedness, including the indebtedness due Watson, and to sell so much of the partnership property as was necessary to pay the indebtedness, and to distribute the balance among the partners. The wife by the petition submits whatever interest she acquired by the conveyance from her husband to the judgment of the court, as though the conveyance to her had not been made.

Appellee answered, alleging that the partnership was dissolved by the. conveyance of Watson to his wife in March, 1884; that he and Mrs. Watson owned the property as tenants in common, and that he was willing to partition with her; admitting Watson's debt, but claiming that he was liable for only half of it; denying mismanagement; alleging the machinery to be part of the realty; that the undivided half of the eight and a quarter acres is his homestead, resident and business, and that the partnership during its existence was solvent.

By supplemental petition appellant alleged that at the time of his conveyance to his wife the partnership had ample lumber and products of the mill to pay all other creditors; that Watson's debt was for saw-logs. furnished the partnership; that the partnership did not owe appellee anything; that appellee knew of the conveyance to the wife, made no objection thereto, and continued the partnership thereafter as before; that appellee was insolvent and in possession of all the partnership property, appropriating the proceeds, and refused to account; denying appellee's homestead right in the land; praying for decree dissolving the partnership, in favor of Walton establishing his claim, appointing receiver with power to collect claims, sell property, pay debts, etc.; and in the alternative that plaintiff's debt be established and decreed to be a. lien on the property.

The trial was by the court without a jury, and resulted in judgment. dissolving the partnership; in favor of Watson against the partnership for $25,257, and over against McKinnon personally for one-half that amount; establishing Mrs. Watson's right to an undivided half of the eight and a quarter acres of land, machinery, etc.; and that there are no equities against said interest in favor of the partnership or partnership creditors, but denying her partition in this suit; decreeing the other half interest in the land and machinery to be the homestead of McKinnon, not subject to forced sale on the equitable lien claimed by Watson; establishing Watson's lien on another tract of land, the accounts, and personal property belonging to the firm; refusing to appoint a receiver, and placing the accounts and property in the hands of appellee with power to collect the accounts, sell the personal property at private or public sale

as he thought best; requiring him to give bond in the sum of $1000. The accounts and personal property aggregated about $32,000.

Under proper assignments of error it is contended that the court erred in the following particulars:

1. In adjudging to appellee a homestead in the land upon which the mills were located, together with the improvements thereon, and that the same was not subject to the equitable lien claimed by Watson.

2. In refusing to appoint a receiver, and in decreeing the custody, control, and disposition of the partnership assets to appellee.

Whether there was error in the judgment upon the first point raised we think depends very largely on the legal effect of the conveyance from Watson to his wife, made in March, 1884. If the land was partnership property and not held by the partners as tenants in common, and if that conveyance dissolved the partnership of John McKinnon & Co., then McKinnon and Mrs. Watson became tenants in common in the land, it was no longer partnership property, and appellee was entitled to hold his half under the facts of this case as a business homestead. It seems that the conveyance from Watson to his wife was for not only Watson's half interest in the land but also for his interest in the personal property belonging to the firm. He seems to have disposed of his entire interest in the partnership property except claims due to it, and we think the effect of this conveyance as between the partners, McKinnon consenting, was to destroy the partnership interest in the property, if it ever existed, notwithstanding the business may have been continued and carried on after, just as before the conveyance was made. Story on Part., secs. 307, 358; Lindl. on Part., mar. pp. 230, 698, 700; Carroll v. Evans, 27 Texas, 262; Rogers v. Nichols, 20 Texas, 724. Appellee had not resided on the land since the purchase of the four and a quarter acres in December, 1881, upon which the firm erected a shingle mill and other machinery, but it clearly appears that his business was confined to operating the mills and machinery situated upon the eight and a quarter acres, all of which was situated within the corporate limits of the town of Orange and of less value than one thousand dollars exclusive of improvements. We think as owner in his individual right he was entitled to have his half interest in the land set apart to him and protected as his business homestead, and that the court did not err in so ruling.

We think the second point is well taken. As a creditor of the firm of McKinnon & Co. appellant was interested in the assets of the firm, and entitled to have those assets applied to the payment of firm debts. McKinnon was indebted to the partnership, and had possession and control of all of its property. The claims due the partnership amounted to about $30,000, the personal property about $2000. Besides the debt due Watson the partnership owed $4000, all of which was adjudged to be a lien on the partnership property, including 320 acres of land. The evidence

tended strongly to show that McKinnon was insolvent.    Under this state of facts, the court having adjudged the partnership dissolved should have appointed a receiver.    We know of no authority that supports that part of the judgment which in effect makes McKinnon, one of the partners, the receiver for the partnership assets after dissolution of the partnership, and gives to him the possession, control, and right to collect the assets to the exclusion of the other partner.

For this error we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 5, 1889.