Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN KOLB, Respondent, for Compensation under the Workmen's Compensation Law, *v.* META BRUMMER, Employer, and NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Appellant.

Third Department, November 22, 1918.

Workmen's Compensation Law — provision of insurance policy as to consent to assignment — transfer of policy to wife of employer who continued business after his death — when collection of premium does not estop insurer from contesting liability under policy — what does not constitute cancellation of insurance contract within meaning of section 54.

An employer having a policy of insurance with a casualty company for one year, providing that no assignment or change of interest under said policy should bind the company unless its consent should be indorsed

thereon or attached thereto, signed by a duly authorized officer of the company, died prior to the expiration of the policy, leaving all of his property to his wife who took charge of and continued the business in the same way, and before the expiration of the policy requested the company, through a broker, to transfer the insurance to her, and said company attached a writing prior to the expiration of the policy as follows: " The interest in this policy is hereby transferred from twelve o'clock noon of this date to Meta Brummer." On the preceding day an employee of the wife suffered an accidental injury and on the next day the wife, as employer, filed a claim for compensation. More than two months thereafter, the original policy having expired, the casualty company presented a bill for additional insurance premium which the wife paid in full. The company claims it was not notified of the accident until more than a month after the payment of said premium.

*Held*, that an award against the wife and the casualty company as insurer should be reversed so far as it is against the latter.

The performance of the condition of the policy as to assignment was essential to create liability against the insurer to another.

The collection of the balance of the earned premium did not estop the casualty company from contesting liability under the policy.

There was not a cancellation of an insurance contract within the meaning of subdivision 5 of section 54 of the Workmen's Compensation Law.

KELLOGG, P. J., and WOODWARD, J., dissented, with opinion.

APPEAL by the defendant New Amsterdam Casualty Company from an award of the State Industrial Commission, made on the 10th day of May, 1918.

*Frederick Mellor*, for the appellant.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], and *Robert W. Bonynge*, counsel to the State Industrial Commission, for the respondents.

LYON, J.:

Richard Brummer, the husband of the defendant Meta Brummer, was engaged in the business of trucking. He held a policy issued by the defendant New Amsterdam Casualty Company of date August 31, 1916, which ran for one year and upon which he had paid the estimated premium. He died June 28, 1917, leaving a will by which he gave all his property to his wife. His wife took charge of and conducted his business for about two weeks during his last sickness,

and after his death continued the business in the same way. About the middle of July, 1917, as she testifies, she informed the broker through whom the insurance was procured of the death of her husband, and delivered to him the policy to mail the same to the insurer. He wrote on the outside of the policy the words, " Kindly transfer this insurance to Meta Brummer, and return the policy to me, Buxbaum," and mailed the policy to the insurance company, as he testifies. The insurer attached to the policy a writing dated August 22, 1917, as follows: " The interest in this policy is hereby transferred from twelve o'clock noon of this date to Meta Brummer." On the preceding day, August 21, 1917, the claimant was in the employ of Meta Brummer and about nine o'clock in the morning suffered an accidental injury to the index finger of his right hand which resulted in the loss of the finger.

On August 23, 1917, Meta Brummer, as employer, filed a claim for compensation. On October 8, 1917, the company presented a bill to her for additional insurance premium under said policy, which she paid in full. The policy had expired the August preceding. The insurance company claims it was not notified of the accident until November 12, 1917. She made a report of the injury August 23, 1917, as the employer, and thereafter an award of compensation was made to the claimant against her as an employer. On her application the award was opened, a rehearing had, and an award made against her and the New Amsterdam Casualty Company, as insurer, from which this appeal has been taken.

The policy contained the following condition: " Assignment. Condition J. No assignment or change of interest under this policy shall bind the Company unless its consent shall be indorsed hereon or attached hereto signed by a duly authorized officer of the Company." No act was done by Meta Brummer in reliance upon the belief that the company had consented to the transfer of the policy to her, which would estop the appellant. The liability of the insurer did not exist as to Meta Brummer until it had made a binding contract with her. It was not an insurance of property but against personal liability and hence the insurance was personal. The performance of this condition of the policy was essential

to create liability against the insurer to another than the person to whom the policy was issued. An application for insurance to secure compensation would not charge the insurer until a contract was made. I do not think the collection of the balance of the earned premium estops the insurer from contesting liability under the contract. The bill was not presented until October eighth, and the company had no knowledge of the accident until November twelfth. Nor do I think that subdivision 5 of section 54 of the Workmen's Compensation Law is effective. This was not a cancellation of an insurance contract within the meaning of that term as used in that section. The parties had the right to insert any lawful conditions in the contract. (*Allen* v. *German American Ins. Co.,* 123 N. Y. 6, 13; *Dwight* v. *Germania Life Ins. Co.,* 103 id. 341; *Gans* v. *Ætna Life Ins. Co.,* 214 id. 326.)

The defendant insurance company might have had a good reason for not assenting to a transfer of interest. The management of the business had changed and they were no longer protected by the oversight of the husband. While the Commission has the power to determine whether the policy still existed it must determine that question on recognized principles of law. (*Matter of Skoczlois* v. *Vinocour,* 221 N. Y. 276.)

The award must be reversed so far as it is against the New Amsterdam Casualty Company.

All concurred, except JOHN M. KELLOGG, P. J., dissenting, with an opinion in which WOODWARD, J., concurred.

JOHN M. KELLOGG, P. J. (dissenting):

The Workmen's Compensation Law is designed to charge upon the hazardous employment the risks flowing from it, and to protect the employee therefrom. Security for compensation is not required for the benefit of the employer, but solely for the benefit of the employee. It is a burden cast upon the employer and the business to make sure to the employee the payment of compensation. It is a misdemeanor for the employer to carry on the business without insurance, and when the insurance is effected, notice of the fact is given to

the employee, so that he may work in confidence that compensation which he may be entitled to will be paid. (§ 51.)*
The insurance is more than a provision to reimburse the employer for the amounts paid by him, as the liability of the company is not affected by his insolvency or bankruptcy. (§ 54, subd. 3.)† The insurance cannot be canceled " within the time limited in such contract for its expiration," except after notice of ten days to be served upon the employer and the Commission. (§ 54, subd. 5.)† The object of this is to enable the Commission to see that the law is obeyed and that no interval shall elapse during which the security for the employee does not exist. If the insurance is in the State fund it cannot be withdrawn except upon thirty days' notice to the Commission and after other security for the employees has been provided. (§ 100.)† I think it follows from these and the other provisions of the law that when security is given for a particular time the employee cannot be deprived of its benefits, except in the manner provided by law and by cancellation of the policy on notice to the Commission. It would not be within the spirit of the law to permit the employer and the insurer to vacate the policy, and deprive the employee of security without any notice to him or the Commission. This policy never was canceled in the manner provided by law. The loss by the injury happened during the term of the contract and the company is liable to the employee. The insurance company is in the same position as the State fund, with a continuing liability until the policy is canceled, as required by the law.

There is nothing in the policy to the contrary. It does not provide that it shall be void if the ownership of the business changes. It simply provides that an assignment or change of interest shall not be binding on the company without its written consent. At the issuing of the policy an initial premium is paid, with the understanding that from time to time the payroll may be examined and additional premiums may be required and paid by the employer. If the

---

* See Consol. Laws, chap. 67 (Laws of 1914, chap. 41), § 51; Id. § 52, as amd. by Laws of 1916, chap. 622.— [REP.

† Amd. by Laws of 1916, chap. 622.— [REP.

assignment is not binding upon the company it may treat the original employer as still liable to it for the performance of every condition of the policy, but the employer by assignment or death cannot deprive the employee of his surety and free the company from liability.

In this case the widow of the employer, who was also the executrix, residuary legatee and devisee under his will, continued the business. She delivered the policy to the broker who obtained it, with the request that the company consent to the transfer to her. It was immediately forwarded by him to the company and was received by it about July thirteenth for transfer. It was then its duty to give or refuse its consent. It knew that the business could not be conducted without insurance. It could not retain the policy for a month and the day after the loss consent to the transfer to take effect on that day. By adjusting the premiums with the widow after the loss and exacting from her the full carrying charges from the death of the husband fairly recognizes that the policy was in existence all of the time, and renders it inequitable for it now to assert that for the month for which it collected the premium it had elected to treat the policy as not in force. The consent should be treated as made as of the day when it was the duty of the company to make it or refuse it. By making it the insurer showed its approval of the risk. The approval may be treated as relating back to the time when the policy was received, the date of the consent being treated as surplusage. I favor an affirmance.

WOODWARD, J., concurred.

Award reversed so far as against the New Amsterdam Casualty Company.