## TRADERS' & GENERAL INS. CO. v. EMMERT et al.

### No. 1589.

Court of Civil Appeals of Texas. Waco.

Oct. 18, 1934.

Rehearing Denied Nov. 22, 1934.

Collins & Fairchild, of Lufkin, Nelson Scurlock and Lightfoot & Robertson, all of Fort Worth, and Stone & Wells, of Henderson, for appellant.

White & Yarborough, of Dallas, for appellee.

GALLAGHER, Chief Justice.

This is a compensation case. Appellant, Traders' & General Insurance Company, on December 7, 1932, issued a workmen's compensation policy in the usual form to the Oil Field Water Company, which was an assumed name under which J. L. Eilers and L. T. Jones, copartners, were doing business, and the policy so showed on its face. Said policy contained a provision that no assignment of any interest thereunder should bind appellant unless its consent to such assignment was indorsed thereon. Said Jones, on February 25, 1933, sold to J. P. Kerr and W. L. Gary his undivided one-half interest in all the rights, privileges, and properties belonging to said Oil Field Water Company and retired from further participation in the operation of said business. No consent of appellant to such transaction was indorsed on the policy or otherwise shown. Ernest C. Emmert, an employee of said Water Company, was, on the 6th day of March, 1933, killed while in the discharge of the duties of his employment. Appellee Ethel Emmert is the surviving wife, and the other appellees are the minor children, of the deceased employee. Appellees presented their claim to the Industrial Accident Board, which made an order thereon. This suit was instituted by them to set said order aside and to recover compensation in a lump sum. Appellant, by cross-action, sought to have said order set aside and all compensation denied.

The case was submitted to a jury on special issues. The court considered the answers returned by the jury thereto and rendered judgment against appellant in favor of appellees for compensation in the sum of $13.85 per week, payable weekly, for 360 weeks, one-third of which was awarded to attorneys representing them in the case.

#### Opinion.

Appellant's assignments are all based on its contention that it was in no way liable for the payment of compensation on account of the death of said Emmert because the testimony showed affirmatively without contradiction that the policy sued on was issued to the Oil Field Water Company, a partnership composed of J. L. Eilers and L. T. Jones; that the sale by said Jones on February 25, 1933, of his half interest in all the rights, privileges, and properties of the partnership to Kerr and Gary and his retirement from further participation in the operation of the business dissolved such partnership; that the association of Eilers, Kerr, and Gary in the continued operation of said business created a new partnership; that the deceased Emmert was at the time of the accident resulting in his death an employee of the latter and

not the former partnership; that since it had never consented to the assignment of said policy by the original partnership to the new partnership, its liability thereon ceased when such original partnership was dissolved. The facts material to the determination of appellant's contention were not controverted. The transfer by one partner of his interest in the partnership property to a third party and his withdrawal from participation in the business conducted thereby dissolves the partnership. Moore v. Steele, 67 Tex. 435, 439, 3 S. W. 448; Watson v. McKinnon, 73 Tex. 210, 215, 11 S. W. 197; Carroll v. Evans, 27 Tex. 262, 267; Rogers v. Nichols, 20 Tex. 719, 724; Sherk v. First National Bank (Tex. Com. App.) 206 S. W. 507, 509, par. 4. The conveyance by Jones to Kerr and Gary of all his undivided half interest in the rights, privileges, and properties of the partnership and his retirement from participation in the business conducted thereby effected a dissolution thereof. Such partnership to which the policy sued on was issued thereupon ceased to exist. The deceased Emmert was, therefore, at the time he received the injuries resulting in his death, no longer an employee thereof and no longer within the terms of the policy sued on, which promises to pay compensation to the employees of such partnership or to the dependents of such employees. New Amsterdam Casualty Co. v. Harrington (Tex. Com. App.) 290 S. W. 726. Such policy was a valuable asset of the firm to which it was issued. The terms of the conveyance aforesaid were very broad and sufficient to include an attempted assignment of Jones' interest therein. Said policy contained an express provision that no assignment of interest thereunder should bind appellant unless its consent was indorsed thereon. Contracts for workmen's compensation insurance, like other insurance contracts, are personal between the parties thereto, and a provision prohibiting the assignment thereof without the consent of the insurer is valid. Kolb v. Brummer, 185 App. Div. 835, 173 N. Y. S. 72, 73, pars. 1 and 2 (affirmed 226 N. Y. 570, 123 N. E. 874); White v. Maryland Casualty Co., 139 App. Div. 179, 123 N. Y. S. 840, pars. 1 and 2; National Fire Ins. Co. v. Carter (Tex. Com. App.) 257 S. W. 531, 532 (bottom 1st column); Cremo Light Co. v. Parker, 118 App. Div. 845, 103 N. Y. S. 710, 711; Schneider's Workmen's Compensation Law, p. 1606, § 485. It is true that recoveries have been permitted where the employer, at the time of the accident, was not the one specifically named in the policy; but in each such case the recovery was based on a finding of waiver or estoppel. Adams v. McKay, 229 Mich. 670, 202 N. W. 962, 963, par. 1; Capital Glenn Mining Co. v. Industrial Accident Commission, 124 Cal. App. 79, 12 P.(2d) 122; Kocher v. Kocher's Estate, 300 Pa. 206, 150 A. 468; Scull v. Scull, 109 Pa. Super. 226, 167 A. 496. There was neither allegation nor proof of any circumstance tending to show waiver or estoppel in this case.

The case of Moffett v. Employers' Liability Assurance Corporation, 286 S. W. 508, by the Court of Civil Appeals at Galveston, bears directly on the contention urged by appellant. In that case the insurance carrier issued its workmen's compensation policy to D. B. McDaniels and Joe Simmons, doing business as partners under the firm name of McDaniels & Simmons. Thereafter one Crosby became a member of such partnership and the firm name was changed to Crosby, McDaniels & Simmons. The insurance carrier, at the instance of the new firm, entered an indorsement on such policy showing the change in the business name and composition of the insured. Subsequently both Crosby and McDaniels retired from said firm and one Pearce became a member thereof and the business was continued under the firm name of Simmons & Pearce. No consent to the assignment of the policy to the last-named firm was ever given by the insurance carrier. The claimant in that case relied on an alleged estoppel to bind the insurance carrier, but the court held that such estoppel was not shown. A recovery was denied by the trial court and its judgment affirmed by the Court of Civil Appeals. The Supreme Court dismissed an application for writ of error for want of jurisdiction. Apparently, however, the claimant in that case conceded that the consent of the insurance carrier to the assignment of the policy to the last-named firm, or its estoppel to deny such consent, was necessary to justify a recovery.

██ Appellees do not deny as an abstract proposition of law that the sale by one partner of his interest in the partnership operates ipso facto as a dissolution thereof. They do, however, deny the application of such proposition to the facts of this case because the name of the insured employer was shown by the face of the policy to be "Oil Field Water Company," and Eilers, Kerr, and Gary continued the business under the same name. Appellees contend that since the firm name was not changed, there was no breach of the provision of the policy requiring appellant's consent in case of an assignment thereof. Appellees ignore the fact that the face of the

policy, in direct connection with the statement that the name of the insured employer was "Oil Field Water Company," further showed that the same was a copartnership composed of J. L. Eilers and L. T. Jones. The name "Oil Field Water Company" was therefore what is called in article 5924 of our Revised Statutes an assumed name. This, however, did not change the fact that Eilers and Jones, in transacting business under such name, were merely partners. Said partnership, merely by the use of such assumed name, did not acquire the corporate attribute of continuous succession regardless of change in the membership thereof. Appellees further insist that there never was an actual change in the membership of said firm prior to the time that the deceased employee Emmert was injured. This contention is based on the fact that when Jones sold his interest in the partnership property and retired from participation in the business, the consideration for such sale, or a part thereof, was a promissory note which Kerr and Gary secured by a deed of trust on their interest in the physical properties of the firm so purchased by them, and the further fact that thereafter, and long subsequent to the injury sustained by the deceased Emmert, on default in the payment of such note said properties were sold under such deed of trust and Jones became the purchaser thereof at such sale. Such deed of trust is not found in the statement of facts. Clearly, the foregoing facts are wholly insufficient to show that Jones remained a member of the firm doing business under such assumed name after such sale, and that Kerr and Gary never became members thereof. We are unable to agree with either of appellees' contentions.

The judgment of the trial court is reversed, and since the case was apparently fully developed at the trial, judgment is here rendered that appellees take nothing by their suit.

STANFORD, Justice (dissenting).

Not being able to agree with my associates, I hereby file the following dissenting opinion:

This suit was brought by the appellees to recover compensation under the workmen's compensation laws of this state. The trial was had with a jury, and upon the verdict of the jury, judgment was entered in favor of appellees. The petition of appellees alleged, in substance: That Ernest Emmert was the husband of Mrs. Ethel Emmert, and that Ernestine Emmert, Billy Emmert, and Betty Emmert were the three children of Er-

nest Emmert and Ethel Emmert. That Ernest Emmert sustained accidental injuries on the 6th day of March, 1933, while working in the course of his employment for Oil Field Water Company in Rusk county, Tex., which resulted in his death on the 7th day of March, 1933. That the defendant, Traders' & General Insurance Company, is a private corporation, duly incorporated under the laws of the state of Texas, and operating and doing a liability, accident, and indemnity insurance business in the state of Texas under and by virtue of a permit issued by the commissioner of insurance of the state of Texas.

That the Traders' & General Insurance Company on or before the 6th day of March, 1933, executed, issued, and delivered to the said Oil Field Water Company a policy of workmen's compensation insurance under the general laws of the state of Texas and under what is commonly known as the Workmen's Compensation Law or Employers' Liability Act of the State of Texas (Vernon's Ann. Civ. St. art. 8306 et seq.), which covered accidental injuries sustained by employees of the said Oil Field Water Company resulting in disability of any and every nature or death to said employee. That the said Oil Field Water Company was, at the time of, before, and since, the execution, issuance, and delivery of said policy of insurance, in full force and effect on or about the 6th day of March, 1933, at the time and occasion that Ernest Emmert sustained accidental injuries resulting in his disability and death. That plaintiffs were dependent upon Ernest C. Emmert, he being their sole and only support, and therefore plaintiffs are entitled to recover of and from defendant, Traders' & General Insurance Company, judgment for compensation insurance under the policy issued by said Traders' & General Insurance Company to the Oil Field Water Company.

The case was submitted to a jury on special issues and all said issues answered favorably to appellees. The record shows, it is claimed, that the Oil Field Water Company was a partnership composed, at first, of Eilers and Jones, and as Jones sold his interest in this partnership to Kerr and Gary on February 25, 1933, the old partnership, it is claimed, was thereby dissolved and a new partnership composed of Eilers, Kerr and Gary was formed, and was operating the business on March 6, 1933, when Emmert received his injuries. It is further contended that at the time Emmert was injured he was an employee of, and working for the partnership of Eilers, Kerr and Gary and not for the partnership of Eilers & Jones, and so ap-

pellant contends there was no liability on the defendant to plaintiff, and the court should have instructed the jury to return a verdict for the defendant.

The record shows the insurance in question was issued to the "Oil Field Water Company." Emmert was an employee of the Oil Field Water Company at the time the policy was issued, and was such at the time of his accident resulting in his death. It is further shown that the notice of becoming a subscriber to the Compensation Act was given by the Oil Field Water Company as the name of the employer, which notice was transmitted to the Industrial Accident Board by the Traders' & General Insurance Company with additional information, which recites that the name of the employer is the Oil Field Water Company over the signature of the Traders' & General Insurance Company by B. L. Morgan. The entire record of the Industrial Accident Board, from the notice by the employer of becoming a subscriber up to and including the notice by defendant company of its unwillingness to abide by the decision of the accident board, and its appeal to the district court of Rusk county, Tex., each and all refer to the Oil Field Water Company as the employer, and Emmert as an employee of the Oil Field Water Company. The "declaration" made by the Oil Field Water Company declares it to be the employer; the policy provides, among other things, to "indemnify this employer against loss by reason of the liability imposed on him on account of such injuries," and further provides: "The obligations of paragraph one, (1) foregoing are hereby declared to be the direct obligations and promises of the Company to any injured employee covered hereby, or in the event of his death, to his dependents; and each of such employee or such dependent the Company is hereby made directly and primarily liable under said obligations and promises. * * *" It is clear that while this insurance contract is made on its face *with* the employer, Oil Field Water Company, it is also made *for the benefit of the employees* of the company. The policy says, *"this contract is made for the benefit of such employees of such dependents."* I think appellant is in error in its conclusion that the policy was issued to the partnership composed of Eilers and Jones, but rather I think the policy was issued to the Oil Field Water Company as employer, composed of Eilers and Jones. The point is, no matter who, nor how many, composed the firm of the Oil Field Water Company, this does not change the fact that the Oil Field Water Company was the *designated employer*, and was in fact the employer. The contract was for the benefit of the employees of the Oil Field Water Company, and being made for their benefit, the contract was necessarily made with such employees themselves. There is nothing to indicate that the contract was made with the employers of Eilers and Jones, nor for the benefit of the employees of Eilers and Jones. But it is clear the contract was made with the Oil Field Water Company, and for the *benefit* of the employees of the *Oil Field Water Company*.

The contract of insurance was made with the employer; the "employer" was designated as the Oil Field Water Company in the "declaration," and so treated and referred to in the policy itself. If appellant desired to designate "Eilers and Jones" as the employer, it could have done so, but it did not do that, and designated Oil Field Water Company as the employer, issuing its insurance contract for the benefit of, and making its every obligation "primarily" payable to, the employees of the Oil Field Water Company.

Mr. Jones, who was a member of the partnership of Jones & Eilers, testified that the bank account was carried in the name of Oil Field Water Company, and that all checks were signed for the Oil Field Water Company by Mr. Eilers as president, and further testified: "We were known to outside world as Oil Field Water Company. We were known to the members working for us as Oil Field Water Company. We hired men under the name of Oil Field Water Company. We posted signs on the walls under this Compensation Act, that the Oil Field Water Company was carrying insurance with the Traders & General Insurance Company. We put that notice there to put the employees on notice that the Oil Field Water Company was carrying compensation with the Traders & General Insurance Company. This was done to meet the requirements of the Compensation Act." It is further shown by the local agent of the Traders' & General Insurance Company that he paid Mr. Eilers as president of the Oil Field Water Company money that had been previously paid for premiums on this insurance, showing that the policy was not canceled until the ———— day of June, 1933.

To third and fourth issues, the jury found: "Ernest Emmert on the 6th day of March, 1933, received the injuries while working for the Oil Field Water Company, which resulted in his death, and that said injuries were received by him while in the course of his employment with the Oil Field Water Company." The name of the "employer" may be given as a real or a fictitious name; such

name is given merely for the purpose of identifying the beneficiaries, and if it fills that purpose and such beneficiaries are so identified, the real purpose of stating the name of the employer has been accomplished. This for the reason that the insurance is issued for and on behalf of the employees and all obligations run in favor of such employees.

"Defendant's Specially Requested Issue No. B.

"Gentlemen of the jury:

"Do you find from a preponderance of the evidence that Ernest C. Emmert, at the time of his injuries sustained from which he died, was an employee of the partnership composed of J. L. Eilers and L. P. Jones, operating under the trade name of Oil Field Water Company? Answer 'Yes' or 'No,' as you find the facts to be."

Answer: "Yes."

Under appellant's first proposition it contends that the partnership of Eilers & Jones was dissolved by Jones withdrawing from the partnership a short time before the injury and death of Emmert. However, it is true that Jones continued to own his half interest in the property and in a short time brought suit to foreclose his deed of trust lien on the property and to recover his one-half interest in the same and did recover same. Jones did attempt to sell his half interest in the property on credit, but the purchaser failed to pay for the same and Jones took the property back, as above stated, under a foreclosure proceedings. In fact, title to the property was in Jones at all times and never passed out of him, as shown by the record and found by the jury. This contention of appellant is hereby overruled.

Authorities under the above two propositions do not support the contentions made. New Amsterdam Casualty Co. v. Harrington (Tex. Com. App.) 290 S. W. 726; Euless v. Tomlinson (Tex. Civ. App.) 38 S. W. 534; Anderson-Berney Realty Co. v. Soria (Tex. Sup.) 67 S.W.(2d) 222.

Appellant, Traders' & General Insurance Company, introduced in evidence the policy of insurance issued by it to the employer, Oil Field Water Company; also certified copy of the "notice that the employer has become a subscriber," showing the employer to be "Oil Field Water Company," which was signed by Oil Field Water Company and the Traders' & General Insurance Company. Appellant having failed to deny the same under oath, said notice was prima facie proof of the facts therein stated. Appellant reported to the ac-

cident company that the Oil Field Water Company had become a subscriber; that the policy was effective December 7, 1932, and expired December 7, 1933. Appellant in said report does not mention the name of any other than the Oil Field Water Company. No mention is made of a copartnership or the name of any persons composing a partnership, and in so far as this record is concerned there is no employer other than the Oil Field Water Company.

In answer to the direct question in said report, it is stated:

"1. Are you insured to provide payment to injured employees under the Employers' Liability Act? Answer: Yes.

"2. If so insured, give name and address of the insurance company? Answer: Traders & General Insurance Company."

It seems that Jones never in fact sold out; he merely bargained to sell out, according to his own testimony. In this connection he states: "I sold my interest on Feby. 24, 1933 to Gary and Kerr. On June 7, 1933, I bought back the interest I sold to Gary and Kerr, *they never did pay for it and I just took it back.*" Two leases were made after the death of Mr. Emmert. Mr. Eilers was acting as president and *continued to act as such until Mr. Emmert was killed.*

At this point the court finds from said verdict and the undisputed facts as follows, to wit: "That Oil Field Water Company on the 6th day of March, 1933, was a subscriber to the employers' liability law or workmen's compensation act of the State of Texas through and by virtue of a policy of compensation insurance issued and delivered to it by the Traders & General Insurance Company, and said policy of workmen's compensation insurance on the 6th day of March, 1933, was in full force and effect and that the said Oil Field Water Company *on the 6th day of March, 1933,* had in its employ more than three employees, one of which was the said Ernest C. Emmert."

If he (Jones) sold out without the consent of his associates, undoubtedly his act inter sese dissolved the association. However, if he sold with their consent, it merely meant the introduction of new blood into the firm, operating under the same old flag, the same old trade-name, and as to the defendant company's contract made for and on behalf of the employees, without in the slightest degree affecting the rights which, under the terms of the policy, had become vested as to them.

In the case of Janes Contracting Company v. Home Life & Accident Company (Tex. Civ.

App.) 245 S. W. 1006, where a similar question was involved, the court held: In this case the policy stipulated that the contracting company would not make, or keep, explosives. This it did, and plaintiff was killed by such explosives. The court held that the covenant not to keep explosives, affected only the rights of the insurance company and the construction company inter sese, and in no wise affected the rights of employees. This case was affirmed by the Supreme Court in the following language (260 S. W. 839, 840): "As between the representatives of the deceased employee and the insurance company a liability for his death existed, without reference to the relation between the parties litigant [i. e. the insurance company and the contracting company, the employer]." Of similar import is the holding in the case of Sheek v. Texas Company (Tex. Civ. App.) 286 S. W. 336, 338, where it is held: "Considering the policy as a whole, it is not subject to the construction placed upon it by appellant. Appellant relies upon the quoted portion of the schedule of statements. In the first place, they are merely in the nature of contractual warranties on the part of the subscriber in favor of the insurer. They affect only the rights of the subscriber, and insurer inter sese and not the rights of the employees of the subscriber to compensation as provided by the Compensation Act." To the same effect is the holding in Home Life & Accident Company v. Orchard (Tex. Civ. App.) 227 S. W. 705, and Texas Employers' Ins. Ass'n v. Price (Tex. Civ. App.) 300 S. W. 667, 669.

The point is again emphasized by the Commission of Appeals in the case of Southern Casualty Co. v. Morgan, 12 S.W.(2d) 200, 201, wherein the court says: "Constitutional basis for the scheme of insurance and transferred liability provided in the Workmen's Compensation Law consists in agreement (a) of the employer,. (b) the employee, and (c) the insurer." In the case of Southern Casualty Company v. Morgan (Tex. Civ. App.) 299 S. W. 476, the contention is made by the insurance company that because a city had no power to contract for employer's liability insurance and the premium was not collectible by suit against the city, the insurance contract was void as to the employee. But the court held contrary thereto. See this case. In affirming this case, 12 S.W.(2d) 200, the Commission of Appeals discussed the question and upheld the decision of the lower court. Lumbermen's Reciprocal Ass'n v. Henderson (Tex. Com. App.) 15 S.W.(2d).565.

The insurance company having elected to and voluntarily named and designated the Oil Field Water Company as "employer" and having voluntarily accepted the premium under this arrangement and having voluntarily agreed to carry the risk in this way, and the employee of said Oil Field Water Company having accepted employment under such arrangement, the insurance company should not now be heard to plead, as a defense, that such "employer" was some other person than that named in the contract of insurance. The employee was the other party to this tripartite agreement, but had no say in the manner of its execution or its various terms. But when the arrangement was thus made, he accepted employment thereunder, and according to the express provisions of its policy, became and was in fact the real interested party for whom its benefits accrued and to whom its obligations and promises ran. Being identified and having brought himself within the nomenclature of employee of the Oil Field Water Company, his right of recovery became absolutely incontrovertible.

In my opinion, the judgment of the trial court should be affirmed.

### On Appellees' Motion for Rehearing.

GALLAGHER, Chief Justice.

This court, at a former day of this term, sustained certain contentions presented by appellant, reversed the judgment of the trial court in favor of appellees, and rendered judgment that they take nothing herein. The contentions sustained are recited in detail in our original opinion and need not be here repeated. Appellees contend in their motion for rehearing that the judgment of the trial court was responsive to a finding of the jury supported by evidence, and that we erred in reversing the same.

The court, on the trial of this case, among other special issues submitted the following, which were answered by the jury as indicated:

"(a) Do you find from a preponderance of the evidence that such injuries, if any, sustained by Ernest C. Emmert on or about the 6th day of March, 1933, were sustained by him while working as an employee of the Oil Field Water Company? Answer: Yes.

"(b) Do you find from a preponderance of the evidence that Ernest C. Emmert at the time of his injuries sustained from which he died, was an employee of the partnership composed of J. L. Eilers and L. T. Jones, operating under the trade name of Oil Field Water Company? Answer: Yes.

"(c) Do you find from a preponderance of the evidence that Ernest C. Emmert, at the

time of his accidental injuries resulting in his death were sustained by him, was at said time an employee of the partnership composed of J. L. Eilers, W. L. Gary and J. P. Kerr, operating under the trade name of Oil Field Water Company? Answer: Yes."

■■ Appellees introduced in evidence at the trial a certified copy of the notice to the Industrial Accident Board that the Oil Field Water Company had become a subscriber and that appellant had become its insurance carrier. Said notice consisted of two sections, the first of which was signed, "Oil Field Water Company, by J. L. Eilers, Pres.," and the second of which was signed, "Traders & General Insurance Company, by L. B. Morgan." Neither of said sections contained any information with reference to who composed the Oil Field Water Company. Said notice was dated December 7, 1932, and was filed with the secretary of said board on December 16, 1932. Section 5 of article 8307 of our Revised Statutes, as amended, Acts 1931, 42d Leg., p. 378, c. 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5), provides, in substance, that a certified copy of such notice filed with the board, when properly certified to, shall be admissible in evidence in any court of this state and prima facie proof of all the facts stated therein, unless denied under oath by the opposing party. No verified denial was filed by appellant. The policy sued on showed on its face that the Oil Field Water Company, to whom it was issued, was a partnership composed of J. L. Eilers and L. T. Jones. Appellant introduced affirmative and uncontradicted testimony that said Jones, on February 25, 1933, approximately ten days before the deceased employee Emmert was injured, sold his undivided one-half interest in the business conducted under the name aforesaid to J. P. Kerr and W. L. Gary and retired from further participation in the operation of said business. Appellant introduced affirmative and uncontradicted testimony further showing that after the sale by said Jones of his interest in said business to the parties aforesaid and his retirement therefrom, said Eilers, Kerr & Gary continued to conduct such business under the name of Oil Field Water Company. We do not understand appellees to controvert the facts just recited. They apparently rely solely on the certified copy of said notice to support the affirmative finding of the jury in response to special issue (b) hereinbefore quoted. Such notice did not reveal whether the Oil Field Water Company named therein was a corporation or a partnership, and if the latter, who composed the same. The policy, however, upon which such notice was based, did show that such company was a partnership composed of Eilers and Jones. Any presumption that the same parties constituted the Oil Field Water Company on March 6th, when said Emmert was injured, would be contrary to the affirmative and undisputed evidence. Presumptions are indulged in only to supply facts and do not arise where the facts are known. 22 C. J. p. 83; Largen v. State, 76 Tex. 323, 328, 13 S. W. 161; Geffert v. Yorktown Independent School Dist. (Tex. Com. App.) 290 S. W. 1083, 1085, par. 11; Shear Company v. Wilson (Tex. Com. App.) 292 S. W. 531, 535, par. 5; Moore v. Supreme Assembly, etc., 42 Tex. Civ. App. 366, 93 S. W. 1077, 1079 (writ refused); American Central Ins. Co. v. Heath, 29 Tex. Civ. App. 445, 69 S. W. 235, 236 (top second column); Texas News Co. v. Lake (Tex. Civ. App.) 58 S.W.(2d) 1044, 1045, par. 1. The finding of the jury in response to said special issue (b) was therefore not only without any support in the evidence, but contrary to the undisputed evidence. The finding of the jury in response to special issue (c), was, however, as shown above and in our original opinion, fully supported by the uncontradicted evidence.

■■ The answers of the jury to special issues (b) and (c) were in direct conflict, and in legal effect destroyed each other. This situation would ordinarily require the court to declare a mistrial. Article 2211 of our Revised Statutes (amended by Acts 1931, c. 77, § 1 [Vernon's Ann. Civ. St. art. 2211]), as it now reads, provides in substance that the judgments of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, but provides that upon motion and reasonable notice, the court may render judgment non obstante veredicto if a directed verdict would have been proper, or may disregard any special issue jury finding that has no support in the evidence. Appellant, before the case was submitted to the jury, requested the court to instruct a verdict in its favor, which request was refused. After the verdict was returned and before judgment was entered thereon, appellant filed a motion requesting the court to enter judgment in its favor. Appellant did not in said motion declare in terms that it was filed in pursuance of the provisions of said article, but it did ask therein that the verdict of the jury be ignored and judgment rendered in its favor. The allegations made in said motion were ample to meet the requirements of the statute with reference to a motion for judgment non obstante veredicto. The order of the court overruling said motion shows that

it was considered in connection with motion for judgment filed by appellees, which necessarily implies that appellees had notice and participated in the hearing. The court recited in the judgment rendered that the "Oil Field Water Company" was on said 6th day of March, 1933, a subscriber within the meaning of the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), and that appellant was its insurance carrier. There is nothing in the findings of the court in this connection to indicate who, in the opinion of the court, constituted the "Oil Field Water Company" at said time. Apparently the court considered that because the respective partnerships which operated said company had seen fit to adopt an assumed name appropriate for the designation of a corporation, and to transact their business thereunder, they thereby became invested with the corporate attribute of continued existence and legal identity which could not be affected by subsequent changes in membership. See 14 C. J. p. 54, § 6. Appellant presents only three assignments of error, two of which complain of the refusal of its request for a peremptory instruction, and the other of the action of the court in overruling its motion for judgment notwithstanding the verdict. The effect of our original opinion herein was to sustain said assignments.

Appellees' motion for rehearing is overruled.